```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

ALAN GOLDER,                    :
    Petitioner,                 :
                                :           PRISONER
V.                              :   Case No. 3:10-CV-1085(RNC)
BRIAN MURPHY, ET AL.,           :
    Respondents.                :

## RULING AND ORDER

Petitioner, a Connecticut inmate, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions in Connecticut Superior Court on charges of kidnaping, larceny and burglary on the ground that his extradition from Belgium to face trial on these charges was illegal. Construing this as a claim that the petitioner was denied due process of law in violation of the Fourteenth Amendment, the petition is dismissed without prejudice for failure to exhaust state court remedies.

A federal court may not grant habeas relief to a state prisoner unless the prisoner has exhausted his remedies in state court. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a petitioner must present the substance of his federal claim to the state courts, see Picard v. Connor, 404 U.S. 270, 272 (1971), and properly pursue the claim through at least one complete round of the state's entire appellate process. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Ordinarily,

failure to exhaust state court remedies is raised in a motion to dismiss the petition.  But a court may dismiss a petition on its own initiative when it is apparent from the face of the petition that the exhaustion requirement has not been met.  See Moorish Science Temple v. Smith, 693 F.2d 987, 989 (2d Cir. 1982); Clary v. Strange, No. 3:06-CV-5(SRU), 2006 WL 322471, at *1 (D. Conn. Feb. 9, 2006).

In this case, the petitioner claims that his convictions should be set aside because his extradition was illegal.  According to the petition, this claim was raised in a pretrial motion to dismiss the charges, but later withdrawn by his trial counsel.  Petitioner alleges that he is trying to present the claim on his direct appeal, which remains pending.  Based on the allegations of the petition, it is apparent that the claim has not been exhausted in state court.

Accordingly, the petition is hereby dismissed without prejudice.  No reasonable jurist could conclude that petitioner has exhausted his remedies in state court.  Accordingly, a certificate of appealability will not issue.  The Clerk will enter judgment and close the case.

So ordered this 13th day of August 2010.

    /s/RNC
Robert N. Chatigny
United States District Judge